IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 25-cv-02922-RTG

AMBER DOE,

      Plaintiff,

v.

SEQUOIA CAPITAL OPERATIONS LLC ,
MICHAEL LEWIS GOGUEN,
WILSON SONSINI GOODRICH & ROSATI, PROFESSIONAL CORPORATION,
QUINN, EMANUEL, URQUHART AND SULLIVAN LLP,
GLASER WEIL FINK HOWARD JORDAN & SHAPIRO LLP,
SEQUOIA CAPITAL FUND, L.P.,
SEQUOIA CAPITAL FUND FEEDER, L.P.,
SEQUOIA CAPITAL US/E SEED V PRINCIPALS FUND (Q), L.P.,
SEQUOIA CAPITAL US/E SEED V PRINCIPALS FUND, L.P.,
SEQUOIA CAPITAL US/E VENTURE XVIII PRINCIPALS FUND, L.P.,
SEQUOIA CAPITAL US/E VENTURE XVIII PRINCIPALS FUND (Q), L.P.,
SEQUOIA CAPITAL US/E GROWTH X PRINCIPALS FUND, L.P.,
SEQUOIA CAPITAL US/E EXPANSION I PRINCIPALS FUND, L.P.,
SEQUOIA CAPITAL US/E VENTURE PARTNERS FUND XVIII, L.P.,
SEQUOIA CAPITAL US/E GROWTH PARTNERS FUND X, L.P.,
SEQUOIA CAPITAL CHINA EXPANSION I PRINCIPALS FUND, L.P.,
SEQUOIA CAPITAL US/E SEED PARTNERS FUND IV, L.P.,
SEQUOIA CAPITAL U.S. VENTURE PARTNERS FUND XVII, L.P.,
SEQUOIA CAPITAL GLOBAL GROWTH FUND III - ENDURANCE PARTNERS
PRINCIPALS FUND, L.P.,
SEQUOIA CAPITAL US/E SEED IV PRINCIPALS FUND, L.P.,
SEQUOIA CAPITAL U.S. VENTURE XVII PRINCIPALS FUND, L.P.,
SEQUOIA CAPITAL U.S. GROWTH IX PRINCIPALS FUND, L.P.,
SEQUOIA CAPITAL GLOBAL GROWTH FUND III - U.S. INDIA ANNEX PRINCIPALS
FUND, L.P.,
SEQUOIA CAPITAL GLOBAL GROWTH FUND III - U.S. INDIA ANNEX FUND, L.P.,
SEQUOIA CAPITAL GLOBAL GROWTH FUND III - ENDURANCE PARTNERS, L.P.,
SEQUOIA CAPITAL U.S. VENTURE FUND XVII, L.P.,
SEQUOIA CAPITAL U.S. GROWTH FUND IX, L.P.,
SEQUOIA CAPITAL US/E SEED FUND IV, L.P.,
SEQUOIA CAPITAL U.S. GROWTH PARTNERS FUND IX, L.P.,
SEQUOIA CAPITAL U.S. GROWTH VIII PRINCIPALS FUND, L.P..
SEQUOIA CAPITAL U.S. GROWTH PARTNERS FUND VIII, L.P.,

1

SEQUOIA CAPITAL U.S. SCOUT SEED PRINCIPALS FUND III, L.P.,
SEQUOIA CAPITAL U.S. GROWTH FUND VIII, L.P.,
SEQUOIA CAPITAL U.S. VENTURE FUND XIV, L.P.,
SEQUOIA CAPITAL U.S. GROWTH FUND VII, L.P.,
SEQUOIA CAPITAL U.S. GROWTH FUND VI, L.P.,
SEQUOIA CAPITAL GLOBAL GROWTH FUND, L.P.,
SEQUOIA CAPITAL U.S. GROWTH FUND V, L.P.,
SEQUOIA CAPITAL U.S. VENTURE 2010 FUND, L.P.,
SEQUOIA CAPITAL FRANCHISE PARTNERS, L.P.,
SEQUOIA CAPITAL IX, L.P.,
SEQUOIA ENTREPRENEURS ANNEX FUND, L.P.,
SEQUOIA CAPITAL GROWTH III PRINCIPALS FUND, LLC,
SEQUOIA CAPITAL FRANCHISE FUND, L.P.,
SEQUOIA CAPITAL GROWTH PARTNERS III, L.P.,
SEQUOIA CAPITAL GROWTH FUND III, L.P.,
TWO BEAR CAPITAL,
TWO BEAR SECURITY,
TWO BEAR RANCH,
QUINN EMANUEL LLP,
NEW YORK POST,
NEW YORK MAGAZINE,
ROSEWOOD SAND HILL HOTELS,
GLASER WEIL FINK HOWARD AVCHEN & SHAPIRO LLP,
PAOLI AND PURDY PC,
BISNAR CHASE PERSONAL INJURY ATTORNEYS, LLP,
BROWN & CHARBONNEAU, LLP,
VOX MEDIA, INC.,
VOX MEDIA LLC,
VOXMEDIA, INC., D/B/A SBNATION,
BRIAN NASH,
NYP HOLDINGS, INC,
FOX CORPORATION,
FOX NEWS NETWORK LLC,
BLOOMBERG L.P.,
BLOOMBERG FINANCE, L.P.,
SHERMAN LAW GROUP, A PROFESSIONAL LAW CORPORATION,
THE NEW YORK POST,
NEW YORK MAGAZINE,
RUPERT MURDOCH,
ESTATE OF DAVID FECHEIMER,
DR. INA PARK,
DR. TARA COLLINS,
JAMIE STEPHENSON,
SITRICK AND COMPANY LLC,

MICHAEL SITRICK,
WHITEFISH FRONTIERS, L.L.C.,
PROOF RESEARCH, INC.,
TWO BEAR SECURITY, LLC,
MSNBC CABLE L.L.C., C/O ENTERPRISE CORPORATE SERVICES LLC
(REGISTERED AGENT),
NBCUNIVERSAL, LLC,
ROSEWOOD HOTELS AND RESORTS, L.L.C.,
MARRIOTT INTERNATIONAL, INC.,
MARRIOTT INTERNATIONAL, INCORPORATED,
MARRIOTT INTERNATIONAL, INC., A DELAWARE CORPORATION,
MARRIOTT HOTEL SERVICES INC.,
THE LAW OFFICES OF RIVERS J. MORRELL III,
GLASER WEIL FINK HOWARD JORDAN & SHAPIRO LLP,
ATTORNEYS WHO CAUSED HARM:
DIANE MOIRA DOOLITTLE,
BRUCE ERIC VAN DALSEM,
ALEX SPIRO,
ANTHONY MCCUSKER,
PATRICIA GLASER,
JILL BASINGER,
WILLIAM DELLI PAOLI,
RYAN BAKER,
CHRISTOPHER REYNOLDS,
MICHAEL FEENBERG,
MICHAEL MCCARTHY,
MARK SCHAEFFER,
SARA POLLACK,
JOHN B QUINN,
MICHAEL F. GRADY,
KATHLEEN SULLIVAN,
CHRISTOPHER TAYBACK,
WILLIAM C. PRICE,
MARK HOLSHER,
SUONG NGUYEN,
PATRICK DOOLITTLE,
MARGARET CARUSO,
MICHAEL LIFRAK,
MEGAN M. KERR,
RIVERS J. MORRELL III,
FRANK W. NEMECEK,
JONATHAN B. COLE,
MARSHALL R. COLE,
MICHAEL W. FEENBERG,

MICHAEL MCCARTHY,
JOSEPH W. SCOTT,
ALEX GERBI,
TED GREENO,
AIDAN O'ROURKE,
GREGORY PANTLIN,
BRIAN CHASE,
SCOTT RITSIMA,
KEITH EGGLETON,
RICHARD LOYDD SHERMAN,
GREGORY GARTH BROWN,
KEVIN BROGAN,
JOSEPH SARLES,
HARRY OLIVAR,
MONIQUE JILESEN,
SAHAR TAEBI,
MICHAEL LIFRAK,
DAVID KLEIN,
MARSHALL COLE,
JON COLE,
CLAUDIA STONE,
MARTA ALCUMBRAC,
FRANK NEMECEK,
ALAN BROWN,
ELLEN DEW,
NICOLE CHESSARI,
KATRINA STEINER,
JASON CAMPBELL,
KYLE KENNETH BATTER,
HERB FOX,
SYMON ZUKER,
NANCY TOURGIS,
GREGORY EMDEE,
LAUREN GARVIE,
JUDICIAL AND PUBLIC OFFICE DEFENDANTS (TRO & PRELIMINARY INJUNCTION ONLY):
JUDGE MAAME FRIMPONG,
JUDGE STEVE KIM,
NINA SHAPIRSHTEYN,
JUDGES DANNY CHOU,
JUDGE RICHARD DUBOIS,
JUDGE SUSAN GREENBERG,
JUDGE RAYMOND SWOPE,
JUDGE LELAND DAVIS III,

4

JUDGE GERALD BUCHWALD,
JUDGE STEVEN DYLINA,
JUDGE ROBERT FOILES,
JUDGE MARIE WEINER,
JUDGE LISA NOVAK,
JUDGE NANCY FINEMAN,
JUDGE ELIZABETH LEE,
JUDGE JOHN GRANDSAERT,
JUDGE JOHATHAN KARESH,
JUDGE READ AMBLER,
JUDGE JOHNATHAN CANNON,
JUDGE DIANE WAYNE,
APPELLATE JUDGE MAURICE SANCHEZ,
JUDGE JOANNE MOTOIKE,
JUDGE THOMAS A. DELANEY,
JUDGE STEPHANIE GEORGE,
JUDGE NICO DOURBETAS,
"HUMANITARIAN" JUDGE DAVID O. CARTER,
JUDGE DONALD MALLOY,
JUDGE BARBARA CONWAY,
JUDGE CORY GILMORE,
JUDGE PETER OSBORN,
JUDGE PATRICIA GLASER,
JUDGE WILLIAM DELLI PAOLI,
JUDGE ERIC D. MILLER,
SENIOR 9TH CIRCUIT JUDGE RICHARD A. PAEZ,
SENIOR 9TH CIRCUIT JUDGE JAY S. BYBEE,
JUDGE STEPHANIE BOWICK,
JUDGE FERNANDO L. AENLLE-ROCHA,
JUDGE PAUL S DIAMOND,
JUDGE ROBERT GARY KLAUSNER,
JUDGE SHARON JOHNSON COLEMAN,
JUDGE EDWARD S. KIEL,
CALIFORNIA GOVERNOR GAVIN NEWSOM, and
CALIFORNIA ATTORNEY GENERAL ROB BONTA,

    Defendants.

---

ORDER DIRECTING PLAINTIFF TO FILE SECOND AMENDED COMPLAINT

---

Plaintiff Amber Doe provides a mailing address in Los Angeles, California. On

5

September 17, 2025, Plaintiff initiated this action by submitting *pro se* a "Complaint for
Human Trafficking, Civil RICO, Torture, and Violations of Constitutional, Civil and
Human Rights" (ECF No. 1), an Application to Proceed in District Court Without
Prepaying Fees or Costs (Long Form) (ECF No. 2), a Motion for Temporary Restraining
Order and Preliminary Injunction (ECF No. 3), and a Motion for Leave to File
Electronically (ECF No. 4). In response to a Court Order Directing Plaintiff to Cure a
Deficiency with one of her filings (ECF No. 6), on October 6, 2025, Plaintiff submitted
two amended Complaints (ECF Nos. 12, 13). Plaintiff has been granted leave to
proceed *in forma pauperis*. (ECF No. 22).

The Court's recent mailings sent to Plaintiff's address of record have been
returned as undeliverable. (ECF Nos. 14-17, 19-20). Thus, on November 6, 2025, the
Court issued an Order to Show Cause in writing and filed with the Court as to why this
action should not be dismissed due to Plaintiff's failure to comply with Local Rule 5.1(c)
and failure to prosecute. (ECF No. 18). On November 28, 2025, Plaintiff filed a
response acknowledging that her mailing address "became inactive when the P.O. Box
was closed for non-payment." (ECF No. 21 at 2). However, Plaintiff states that she
"maintain[s] access to the PACER system," has requested access to electronic filing to
"[e]nsur[e] continued receipt of electronic notices from the Court," and "regularly checks
PACER multiple times per week for judicial updates." (*Id*. at 2-4). Accordingly, the Order
to Show Cause (ECF No. 18) is discharged. However, Plaintiff is ordered to follow the
proper procedure to be granted e-filing privileges. If Plaintiff wishes to file electronically,
she must become an e-filer by following the steps posted on the Court's website under

the tab "Representing Yourself" in the section "Different Ways to File Into Your Case."

The Court construes the most recent pleading, the amended Complaint (ECF No.

13) filed on October 1, 20254, as the operative pleading. The amended Complaint is

liberally construed because Plaintiff is not represented by an attorney. *See Haines v.*

*Kerner*, 404 U.S. 519, 520-21 (1972); *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir.

1991). However, the Court should not be an advocate for a *pro se* litigant. See Hall, 935

F.2d. at 1110. For the reasons discussed below, Plaintiff will be directed to file a second

amended Complaint if she wishes to pursue any claims in this action.

## I.      The Amended Complaint

The amended Complaint (ECF No. 13) is over 300 pages in length and is not a

model of clarity. As best the Court can tell, Plaintiff sues approximately 200 defendants

and asserts 60 claims stemming from a "criminal racketeering organization" where

Plaintiff was "stalked, trafficked, raped, tortured, mutilated, silenced, and defrauded

across boarders by a coordinated criminal conspiracy[.]" (*Id.* at 18). Plaintiff sues,

"[b]illionaire traffickers and financiers", "[g]lobal white-collar firms", "[a]t least 118

attorneys", federal and state judges, and "[t]ransnational organized crime syndicates[.]"

(*Id.*). Plaintiff brings this action pursuant to "28 U.S.C. § 1331, as this action arises

under the laws of the United States, including but not limited to the Trafficking Victims

Protection Act (18 U.S.C. §§ 1590, 1591, 1595), the Racketeer Influenced and Corrupt

Organizations Act (18 U.S.C. §§ 1961–1968), the Alien Tort Statute (28 U.S.C. § 1350),

and related federal constitutional and statutory provisions." (*Id.* at 31). Plaintiff also

asserts numerous state law claims. (*Id.*). As relief, Plaintiff requests injunctive and

declaratory relief and various categories of damages. (*Id.* at 314-19).

## II.    Discussion

The amended Complaint is deficient for numerous reasons.

### A.    Rule 8 of the Federal Rules of Civil Procedure

First and foremost, the amended Complaint does not comply with the requirements of Rule 8 of the Federal Rules of Civil Procedure. Rule 8(a) provides that a complaint "must contain (1) a short and plain statement of the grounds for the court's jurisdiction, . . . (2) a short and plain statement of the claim showing that the pleader is entitled to relief; and (3) a demand for the relief sought." The philosophy of Rule 8(a) is reinforced by Rule 8(d)(1), which provides that "[e]ach allegation must be simple, concise, and direct." Prolix, vague, or unintelligible pleadings violate Rule 8.

The amended Complaint fails to provide a <u>short and plain statement</u> of Plaintiff's claims showing she is entitled to relief. Plaintiff's allegations are confusing, rambling, and unorganized. It is Plaintiff's responsibility to present her claims in a manageable and readable format that allows the Court and defendants to know what claims are being asserted and to be able to respond to those claims. The Court does not require a long, chronological recitation of facts. Nor should the Court or a defendant be required to sift through Plaintiff's verbose allegations to determine the heart of each claim. The general rule that *pro se* pleadings must be construed liberally has limits and "the court cannot take on the responsibility of serving as the litigant's attorney in constructing arguments and searching the record." *Garrett v. Selby Connor Maddux & Janer*, 425 F.3d 836, 840 (10th Cir. 2005). The confusing and unwieldy narratives of the pleading

make Plaintiff's claims difficult to understand. Dismissal is appropriate on this basis. *See Carbajal v. City & Cty. of Denver*, 502 F. App'x 715, 716 (10th Cir. 2012) (unpublished) ("A dismissal without prejudice under Rule 8 is within the sound discretion of the trial court.") (citation omitted).

For each claim Plaintiff asserts in the amended Complaint, she must explain, simply and concisely, "what each defendant did to him or her; when the defendant did it; how the defendant's action harmed him or her; and, what specific legal right the plaintiff believes the defendant violated." *Nasious v. Two Unknown B.I.C.E. Agents*, 492 F.3d 1158, 1163 (10th Cir. 2007). Thus, Plaintiff will be given the opportunity to submit an amended pleading that complies with Rule 8.

### B.    Subject Matter Jurisdiction

Plaintiff alleges that the Court has jurisdiction over this action pursuant to 28 U.S.C. § 1331 because her amended Complaint asserts claims arising under federal law.

### 1.    42 U.S.C. § 1983

Plaintiff purports to assert claims under 42 U.S.C. § 1983. (ECF No. 13 at 21). To state a claim for relief under § 1983, Plaintiff must allege the deprivation of a right, privilege or immunity secured by the Constitution or federal law. Plaintiff must allege specific facts to show a violation of her constitutional rights under color of state law. *See West v. Atkins*, 487 U.S. 42, 48 (1988). *See also Wyatt v. Cole*, 504 U.S. 158, 161 (1992) ("[T]he purpose of § 1983 is to deter state actors from using the badge of their

authority to deprive individuals of their federally guaranteed rights and to provide relief to victims if such deterrence fails").

It appears that many of the Defendants are private actors. "Like the state-action requirement of the Fourteenth Amendment, the under-color-of-state-law element of § 1983 excludes from its reach merely private conduct, no matter how discriminatory or wrongful." *Am. Mfrs. Mut. Ins. Co. v. Sullivan*, 526 U.S. 40, 50 (1999) (internal citation and quotation marks omitted). Plaintiff does not allege any facts to suggest that most of the Defendants' conduct was fairly attributable to the State. Therefore, the alleged constitutional violations are likely not actionable under § 1983. *See Lugar v. Edmondson Oil Co.*, 457 U.S. 922, 937 (1982).

Moreover**,** to hold the Defendants liable under § 1983 in their individual capacities, Plaintiff must allege specific facts to show each Defendant's personal involvement in the alleged constitutional deprivation. Allegations of "personal participation in the specific constitutional violation complained of [are] essential" in a §1983 action. *Henry v. Storey*, 658 F.3d 1235, 1241 (10th Cir. 2011); *see also Foote v. Spiegel*, 118 F.3d 1416, 1423 (10th Cir. 1997) ("Individual liability . . . must be based on personal involvement in the alleged constitutional violation"). To establish personal participation, a plaintiff must show that the individual defendant caused the deprivation of a federal right. *See Kentucky v. Graham*, 473 U.S. 159, 166 (1985). There must be an affirmative link between the alleged constitutional violation and the individual defendant's participation, control, direction, or failure to supervise. *See Butler v. City of Norman*, 992 F.2d 1053, 1055 (10th Cir. 1993).

10

2.    42 U.S.C. § 1985

Further, in addition to bringing this action pursuant to 42 U.S.C. § 1983, Plaintiff lists 42 U.S.C. § 1985 as a basis for jurisdiction. Plaintiff is advised that "[t]he essential elements of a § 1985(3) claim are: (1) a conspiracy; (2) to deprive plaintiff of equal protection or equal privileges and immunities; (3) an act in furtherance of the conspiracy; and (4) an injury or deprivation resulting therefrom." *Tilton v. Richardson*, 6 F.3d 683, 686 (10th Cir. 1993). Section 1985(3) applies only to conspiracies motivated by "some racial, or perhaps otherwise class-based, invidiously discriminatory animus." *Griffin v. Breckenridge*, 403 U.S. 88, 102 (1971). Discriminatory purpose "implies more than intent as volition or intent as awareness of consequences. It implies that the decisionmaker . . . selected or reaffirmed a particular course of action at least in part because of, not merely  in spite of, its adverse effects upon an identifiable group." *Bray v. Alexandria Women' s Health Clinic*, 506 U.S. 263, 271– 72 (1993) (internal quotation marks and citation omitted).

Conclusory allegations regarding a conspiracy are not sufficient to state an arguable claim under § 1985(3). *Benavidez v. Gunnell*, 722 F.2d 615, 618 (10th Cir. 1983). "The participants in the conspiracy must share the general conspiratorial objective  . . . . To demonstrate the existence of a conspiratorial agreement it simply must be shown that there was a single plan, the essential nature and general scope of which [was] know[n] to each person who is to be held responsible for its consequences." *Snell v. Tunnell*, 920 F.2d 673, 702 (10th Cir. 1990) (internal quotation marks and citation omitted). "[A]n underlying unlawful act is necessary to prevail on a

civil conspiracy claim." *Peterson v. Grisham*, 594 F. 3d 723, 730 (10th Cir. 2010).

### 3.    Violation of 18 U.S.C. § 1591 of the TVPA

18 U.S.C. § 1591 was promulgated in 2000 as part of the TVPA, Pub. L. No.

106–386, div. A, § 112(a)(2), 114 Stat. 1464, 1487–88 (Oct. 28, 2000). *See United*

*States v. Duong*, 848 F.3d 928, 932 (10th Cir. 2017). A stated purpose of the TVPA was

to "combat trafficking in persons, especially into the sex trade, slavery, and involuntary

servitude." 114 Stat. at 1464.

Section 1591 proscribes the following conduct:

(a) Whoever knowingly—

> (1) in or affecting interstate or foreign commerce, or within the special
> maritime and territorial jurisdiction of the United States, recruits, entices,
> harbors, transports, provides, obtains, advertises, maintains, patronizes,
> or solicits by any means a person; or

> (2) benefits, financially or by receiving anything of value, from participation
> in a venture which has engaged in an act described in violation of
> paragraph (1),

knowing, or, except where the act constituting the violation of paragraph (1) is
advertising, in reckless disregard of the fact, that means of force, threats of force,
fraud, coercion described in subsection (e)(2), or any combination of such means
will be used to cause the person to engage in a commercial sex act, or that the
person has not attained the age of 18 years and will be caused to engage in a
commercial sex act, shall be punished as provided in subsection (b).

18 U.S.C.A. § 1591(a). The term "commercial sex act" means any sex act, on account

of which anything of value is given to or received by any person." 18 U.S.C. §

1591(e)(3).

The TVPA provides a private right of action to sex trafficking victims for damages

and reasonable attorneys' fees. 18 U.S.C. § 1595(a). In order to bring such a claim, a

plaintiff must allege specific facts to show that a defendant caused her to engage in a commercial sex act. *See David v. Weinstein Co. LLC*, 431 F. Supp. 3d 290, 305 (S.D.N.Y. 2019) (denying defendant's motion to dismiss § 1595(a) claim for failure to plead a commercial sex act under the TVPA based on the plaintiff's allegations that she "received something of value in exchange for the sex acts" and Weinstein "knew he would use fraud and/or force to cause Plaintiff to engage in those sex acts."). Absent factual allegations to show that a defendant's conduct was prohibited by § 1591(a), a plaintiff lacks a civil remedy under § 1595(a).

Additionally, a plaintiff does not have a civil remedy against a defendant under the Violence Against Women Act. In *United States v. Morrison*, 529 U.S. 598, 619, 627 (2000), the Supreme Court struck down as unconstitutional the Civil Rights Remedies for Gender-Motivated Violence Act, 42 U.S.C. § 13981, which is the civil liability provision of the Violence Against Women Act of 1994. *See also McCann v. Bryon L. Rosquist, D.C., P.C.*, 13 F. App'x 785 (10th Cir. 2001) (affirming district court's dismissal of action based on Supreme Court's invalidation of statute in *Morrison*).

### 4.    Federal Criminal Statutes

Plaintiff also references numerous federal criminal statutes as the basis for her claims. However, Plaintiff cannot assert claims for relief based on alleged violations of federal criminal statutes, unless the statute specifically provides for a private civil cause of action. *See Andrews v. Heaton*, 483 F.3d 1070, 1076 (10th Cir. 2007) (holding that dismissal of claims alleging violations of criminal statutes is proper if criminal statutes do not provide for a private right of action); *Winslow v. Romer*, 759 F. Supp. 670, 673 (D.

Colo. 1991) ("Private citizens generally have no standing to institute federal criminal proceedings"). In addition, "[a] private RICO claim can only be brought by a plaintiff claiming a personal injury arising from the use or investment of racketeering income." *Peterson v. Shanks*, 149 F.3d 1140, 1145 (10th Cir. 1998) (citing *Grider v. Texas Oil & Gas Corp.*, 868 F.2d 1147, 1149 (10th Cir.1989).

Accordingly, it is unclear whether the amended Complaint alleges a viable claim for relief under federal constitutional or statutory law.

Plaintiff also appears to invoke the diversity jurisdiction statute, 28 U.S.C. § 1332(a)(2). "A United States citizen domiciled in a foreign country is not a citizen[ ] or subject[ ] of a foreign state, but is stateless and unable to assert jurisdiction under 28 U.S.C. § 1332(a)(2) or § 1332(a)(1), which governs suits between citizens of different States." *Jones v. Dalrymple*, 679 F. App'x 668, 669-70 (10th Cir. 2017) (citing *Newman–Green, Inc. v. Alfonzo–Larrain,* 490 U.S. 826, 828–29 (1989) (internal quotation marks omitted). "Courts have increasingly found that even when the United States citizen possesses dual citizenship, only the American citizenship is relevant to finding diversity under 28 U.S.C. § 1332(a)(2)." (*Id.*). Accordingly, in order to invoke 28 U.S.C. § 1332(a)(2) as a basis for jurisdiction, the second amended Complaint must allege facts to satisfy the jurisdictional requirements of § 1332(a)(2).

### C.    Supplemental Jurisdiction

Finally, Plaintiff also asserts state law claims in the amended Complaint. Under 28 U.S.C. § 1367(a), the Court has supplemental jurisdiction over state law claims "that are so related to claims in the action within such original jurisdiction that they form part

14

of the same case or controversy under Article III of the United States Constitution."

However, if all claims over which the Court has original jurisdiction are dismissed, the

Court may decline to exercise supplemental jurisdiction over the state law claims. *See*

28 U.S.C. § 1367(c)(3).

**III.    Conclusion**

The Court will provide Plaintiff an opportunity to file a second amended

Complaint to remedy the pleading deficiencies identified above. If Plaintiff fails to file a

second amended Complaint as directed within the time allowed, this action will be

dismissed without further notice.

Plaintiff is informed that she may choose to contact the Federal Pro Se Clinic at

(303) 824-5395 or https://www.cobar.org/cofederalproseclinic for possible assistance in

this matter. The Federal Pro Se Clinic is located on the first floor of the Alfred A. Arraj

United States Courthouse, 901 19th Street, Denver CO 80294.

Accordingly, it is

ORDERED that the Order to Show Cause (ECF No. 18) is **discharged.** It is

FURTHER ORDERED that Plaintiff must file, **within thirty (30) days from the**

**date of this order**, a second amended Complaint on the current Court-approved form

that complies with this order. It is

FURTHER ORDERED that Plaintiff shall obtain and utilize a copy of the court-

approved Complaint form, along with the applicable instructions, available at

www.cod.uscourts.gov. It is

FURTHER ORDERED that if Plaintiff fails within the time allowed to file a second

15

amended Complaint as directed, this action will be dismissed without further notice.

DATED January 5, 2026.

BY THE COURT:

_____
Richard T. Gurley
United States Magistrate Judge

16