**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO**

Civil Action No. 25-cv-02922-JLK-RTG

AMBER DOE,

    Plaintiff,

v.

SEQUOIA CAPITAL OPERATIONS LLC ,
MICHAEL LEWIS GOGUEN,
WILSON SONSINI GOODRICH & ROSATI, PROFESSIONAL CORPORATION,
QUINN, EMANUEL, URQUHART AND SULLIVAN LLP,
GLASER WEIL FINK HOWARD JORDAN & SHAPIRO LLP,
SEQUOIA CAPITAL FUND, L.P.,
SEQUOIA CAPITAL FUND FEEDER, L.P.,
SEQUOIA CAPITAL US/E SEED V PRINCIPALS FUND (Q), L.P.,
SEQUOIA CAPITAL US/E SEED V PRINCIPALS FUND, L.P.,
SEQUOIA CAPITAL US/E VENTURE XVIII PRINCIPALS FUND, L.P.,
SEQUOIA CAPITAL US/E VENTURE XVIII PRINCIPALS FUND (Q), L.P.,
SEQUOIA CAPITAL US/E GROWTH X PRINCIPALS FUND, L.P.,
SEQUOIA CAPITAL US/E EXPANSION I PRINCIPALS FUND, L.P.,
SEQUOIA CAPITAL US/E VENTURE PARTNERS FUND XVIII, L.P.,
SEQUOIA CAPITAL US/E GROWTH PARTNERS FUND X, L.P.,
SEQUOIA CAPITAL CHINA EXPANSION I PRINCIPALS FUND, L.P.,
SEQUOIA CAPITAL US/E SEED PARTNERS FUND IV, L.P.,
SEQUOIA CAPITAL U.S. VENTURE PARTNERS FUND XVII, L.P.,
SEQUOIA CAPITAL GLOBAL GROWTH FUND III - ENDURANCE PARTNERS PRINCIPALS FUND, L.P.,
SEQUOIA CAPITAL US/E SEED IV PRINCIPALS FUND, L.P.,
SEQUOIA CAPITAL U.S. VENTURE XVII PRINCIPALS FUND, L.P.,
SEQUOIA CAPITAL U.S. GROWTH IX PRINCIPALS FUND, L.P.,
SEQUOIA CAPITAL GLOBAL GROWTH FUND III - U.S. INDIA ANNEX PRINCIPALS FUND, L.P.,
SEQUOIA CAPITAL GLOBAL GROWTH FUND III - U.S. INDIA ANNEX FUND, L.P.,
SEQUOIA CAPITAL GLOBAL GROWTH FUND III - ENDURANCE PARTNERS, L.P.,
SEQUOIA CAPITAL U.S. VENTURE FUND XVII, L.P.,
SEQUOIA CAPITAL U.S. GROWTH FUND IX, L.P.,
SEQUOIA CAPITAL US/E SEED FUND IV, L.P.,
SEQUOIA CAPITAL U.S. GROWTH PARTNERS FUND IX, L.P.,
SEQUOIA CAPITAL U.S. GROWTH VIII PRINCIPALS FUND, L.P..
SEQUOIA CAPITAL U.S. GROWTH PARTNERS FUND VIII, L.P.,

1

SEQUOIA CAPITAL U.S. SCOUT SEED PRINCIPALS FUND III, L.P.,
SEQUOIA CAPITAL U.S. GROWTH FUND VIII, L.P.,
SEQUOIA CAPITAL U.S. VENTURE FUND XIV, L.P.,
SEQUOIA CAPITAL U.S. GROWTH FUND VII, L.P.,
SEQUOIA CAPITAL U.S. GROWTH FUND VI, L.P.,
SEQUOIA CAPITAL GLOBAL GROWTH FUND, L.P.,
SEQUOIA CAPITAL U.S. GROWTH FUND V, L.P.,
SEQUOIA CAPITAL U.S. VENTURE 2010 FUND, L.P.,
SEQUOIA CAPITAL FRANCHISE PARTNERS, L.P.,
SEQUOIA CAPITAL IX, L.P.,
SEQUOIA ENTREPRENEURS ANNEX FUND, L.P.,
SEQUOIA CAPITAL GROWTH III PRINCIPALS FUND, LLC,
SEQUOIA CAPITAL FRANCHISE FUND, L.P.,
SEQUOIA CAPITAL GROWTH PARTNERS III, L.P.,
SEQUOIA CAPITAL GROWTH FUND III, L.P.,
TWO BEAR CAPITAL,
TWO BEAR SECURITY,
TWO BEAR RANCH,
QUINN EMANUEL LLP,
NEW YORK POST,
NEW YORK MAGAZINE,
ROSEWOOD SAND HILL HOTELS,
GLASER WEIL FINK HOWARD AVCHEN & SHAPIRO LLP,
PAOLI AND PURDY PC,
BISNAR CHASE PERSONAL INJURY ATTORNEYS, LLP,
BROWN & CHARBONNEAU, LLP,
VOX MEDIA, INC.,
VOX MEDIA LLC,
VOXMEDIA, INC., D/B/A SBNATION,
BRIAN NASH,
NYP HOLDINGS, INC,
FOX CORPORATION,
FOX NEWS NETWORK LLC,
BLOOMBERG L.P.,
BLOOMBERG FINANCE, L.P.,
SHERMAN LAW GROUP, A PROFESSIONAL LAW CORPORATION,
THE NEW YORK POST,
NEW YORK MAGAZINE,
RUPERT MURDOCH,
ESTATE OF DAVID FECHEIMER,
DR. INA PARK,
DR. TARA COLLINS,
JAMIE STEPHENSON,
SITRICK AND COMPANY LLC,

MICHAEL SITRICK,
WHITEFISH FRONTIERS, L.L.C.,
PROOF RESEARCH, INC.,
TWO BEAR SECURITY, LLC,
MSNBC CABLE L.L.C., C/O ENTERPRISE CORPORATE SERVICES LLC (REGISTERED AGENT),
NBCUNIVERSAL, LLC,
ROSEWOOD HOTELS AND RESORTS, L.L.C.,
MARRIOTT INTERNATIONAL, INC.,
MARRIOTT INTERNATIONAL, INCORPORATED,
MARRIOTT INTERNATIONAL, INC., A DELAWARE CORPORATION,
MARRIOTT HOTEL SERVICES INC.,
THE LAW OFFICES OF RIVERS J. MORRELL III,
GLASER WEIL FINK HOWARD JORDAN & SHAPIRO LLP,
ATTORNEYS WHO CAUSED HARM:
DIANE MOIRA DOOLITTLE,
BRUCE ERIC VAN DALSEM,
ALEX SPIRO,
ANTHONY MCCUSKER,
PATRICIA GLASER,
JILL BASINGER,
WILLIAM DELLI PAOLI,
RYAN BAKER,
CHRISTOPHER REYNOLDS,
MICHAEL FEENBERG,
MICHAEL MCCARTHY,
MARK SCHAEFFER,
SARA POLLACK,
JOHN B QUINN,
MICHAEL F. GRADY,
KATHLEEN SULLIVAN,
CHRISTOPHER TAYBACK,
WILLIAM C. PRICE,
MARK HOLSHER,
SUONG NGUYEN,
PATRICK DOOLITTLE,
MARGARET CARUSO,
MICHAEL LIFRAK,
MEGAN M. KERR,
RIVERS J. MORRELL III,
FRANK W. NEMECEK,
JONATHAN B. COLE,
MARSHALL R. COLE,
MICHAEL W. FEENBERG,

MICHAEL MCCARTHY,
JOSEPH W. SCOTT,
ALEX GERBI,
TED GREENO,
AIDAN O'ROURKE,
GREGORY PANTLIN,
BRIAN CHASE,
SCOTT RITSIMA,
KEITH EGGLETON,
RICHARD LOYDD SHERMAN,
GREGORY GARTH BROWN,
KEVIN BROGAN,
JOSEPH SARLES,
HARRY OLIVAR,
MONIQUE JILESEN,
SAHAR TAEBI,
MICHAEL LIFRAK,
DAVID KLEIN,
MARSHALL COLE,
JON COLE,
CLAUDIA STONE,
MARTA ALCUMBRAC,
FRANK NEMECEK,
ALAN BROWN,
ELLEN DEW,
NICOLE CHESSARI,
KATRINA STEINER,
JASON CAMPBELL,
KYLE KENNETH BATTER,
HERB FOX,
SYMON ZUKER,
NANCY TOURGIS,
GREGORY EMDEE,
LAUREN GARVIE,
JUDICIAL AND PUBLIC OFFICE DEFENDANTS (TRO & PRELIMINARY INJUNCTION ONLY):
JUDGE MAAME FRIMPONG,
JUDGE LAURA TAYLOR SWAINE,
JUDGE PATRICIA GUERRERO,
JUDGE STEVE KIM,
NINA SHAPIRSHTEYN,
JUDGES DANNY CHOU,
JUDGE RICHARD DUBOIS,
JUDGE SUSAN GREENBERG,

JUDGE RAYMOND SWOPE,
JUDGE LELAND DAVIS III,
JUDGE GERALD BUCHWALD,
JUDGE STEVEN DYLINA,
JUDGE ROBERT FOILES,
JUDGE MARIE WEINER,
JUDGE LISA NOVAK,
JUDGE NANCY FINEMAN,
JUDGE ELIZABETH LEE,
JUDGE JOHN GRANDSAERT,
JUDGE JOHATHAN KARESH,
JUDGE READ AMBLER,
JUDGE JOHNATHAN CANNON,
JUDGE DIANE WAYNE,
APPELLATE JUDGE MAURICE SANCHEZ,
JUDGE JOANNE MOTOIKE,
JUDGE THOMAS A. DELANEY,
JUDGE STEPHANIE GEORGE,
JUDGE NICO DOURBETAS,
"HUMANITARIAN" JUDGE DAVID O. CARTER,
JUDGE DONALD MALLOY,
JUDGE BARBARA CONWAY,
JUDGE CORY GILMORE,
JUDGE PETER OSBORN,
JUDGE PATRICIA GLASER,
JUDGE WILLIAM DELLI PAOLI,
JUDGE ERIC D. MILLER,
SENIOR 9TH CIRCUIT JUDGE RICHARD A. PAEZ,
SENIOR 9TH CIRCUIT JUDGE JAY S. BYBEE,
JUDGE STEPHANIE BOWICK,
JUDGE FERNANDO L. AENLLE-ROCHA,
JUDGE PAUL S DIAMOND,
JUDGE ROBERT GARY KLAUSNER,
JUDGE SHARON JOHNSON COLEMAN,
JUDGE EDWARD S. KIEL,
JUDGE JANE TRICHE MILAZZO,
JUDGE KAREN WELLS ROBY,
JUDGE FERNANDO M OLGUIN,
JUDGE MICHAEL B KAUFMAN,
JUDGE MATTHEW J SKAHILL,
JUDGE CARL J. NICHOLS,
CALIFORNIA GOVERNOR GAVIN NEWSOM, and
CALIFORNIA ATTORNEY GENERAL ROB BONTA,

Defendants.

---

**RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE**

---

**Richard T. Gurley, United States Magistrate Judge**

This matter comes before the Court on the second Amended Complaint (ECF No. 25) filed *pro se* by Plaintiff Amber Doe. The matter has been referred to this Magistrate Judge for recommendation. (*See* ECF No. 33).

The Court must construe the Complaint liberally because Plaintiff is not represented by an attorney. *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). However, the Court should not be an advocate for a *pro se* litigant. *See Hall*, 935 F.2d at 1110.

The Court has reviewed the filings to date. The Court has considered the entire case file, the applicable law, and is sufficiently advised in the premises. It is respectfully recommended that the second Amended Complaint and action be dismissed.

**I. DISCUSSION**

• **Background**

Plaintiff is a resident of Los Angeles, California. She initiated this *pro se* action on September 17, 2025, by filing a Complaint (ECF No. 1) and an Application to Proceed in District Court Without Prepaying Fees or Costs (Long Form) (ECF No. 2). In response to a Court Order Directing Plaintiff to Cure a Deficiency with one of her filings (ECF No. 6), on October 6, 2025, Plaintiff submitted two amended Complaints (ECF

6

Nos. 12, 13). Plaintiff has been granted leave to proceed *in forma pauperis* pursuant to 28 U.S.C. § 1915. (*See* ECF No. 22).

On January 6, 2026, the Court ordered Plaintiff to file a second amended pleading that complies with the pleading requirements of Rule 8 of the Federal Rules of Civil Procedure because Plaintiff's amended Complaint failed to provide a short and plain statement of her claims that demonstrate she is entitled to relief. (*See* ECF No. 5). On February 6, 2026, Plaintiff filed two second Amended Complaints that appear to be identical or substantially similar. (ECF Nos. 24, 25). The Court construes the most recent pleading, the second Amended Complaint (ECF No. 25), as the operative pleading, reviews its sufficiency, and will discuss the reasons dismissal is recommended.

• **The Second Amended Complaint**

The second Amended Complaint (ECF No. 25) is more than 300 pages in length and is not a model of clarity. As best the Court can tell, Plaintiff sues approximately 200 defendants and asserts 60 claims stemming from a "criminal racketeering organization" where Plaintiff was "stalked, trafficked, raped, tortured, mutilated, silenced, and defrauded across boarders by a coordinated criminal conspiracy[.]" (*Id.* at 32). Plaintiff sues, "[b]illionaire traffickers and financiers", "[g]lobal white-collar firms", "[a]t least 118 attorneys", federal and state judges, and "[t]ransnational organized crime syndicates[.]" (*Id.*). Plaintiff brings this action pursuant to "28 U.S.C. § 1331, as this action arises under the laws of the United States, including but not limited to the Trafficking Victims

7

Protection Act (18 U.S.C. §§ 1590, 1591, 1595), the Racketeer Influenced and Corrupt Organizations Act (18 U.S.C. §§ 1961–1968), the Alien Tort Statute (28 U.S.C. § 1350), and related federal constitutional and statutory provisions." (*Id.* at 45). Plaintiff also asserts numerous state law claims. (*Id.*). As relief, Plaintiff requests injunctive and declaratory relief and various categories of damages. (*Id.* at 328-32).

• **Rule 8**

The twin purposes of a pleading are to give the opposing parties fair notice of the basis for the claims against them so that they may respond and to allow the Court to conclude that the allegations, if proven, show that the plaintiff is entitled to relief. *See Monument Builders of Greater Kansas City, Inc. v. American Cemetery Ass'n of Kansas*, 891 F.2d 1473, 1480 (10th Cir. 1989); *see also Nasious v. Two Unknown B.I.C.E. Agents*, 492 F.3d 1158, 1163 (10th Cir. 2007) (stating that a complaint "must explain what each defendant did to him or her; when the defendant did it; how the defendant's action harmed him or her; and, what specific legal right the plaintiff believes the defendant violated"). The requirements of Rule 8 of the Federal Rules of Civil Procedure are designed to meet these purposes. *See TV Communications Network, Inc. v. ESPN, Inc.*, 767 F. Supp. 1062, 1069 (D. Colo. 1991), *aff'd*, 964 F.2d 1022 (10th Cir. 1992). Specifically, Rule 8(a) provides that a complaint "must contain (1) a short and plain statement of the grounds for the court's jurisdiction, . . . (2) a short and plain statement of the claim showing that the pleader is entitled to relief; and (3) a demand for the relief sought." Furthermore, the philosophy of Rule 8(a) is reinforced by Rule 8(d)(1),

which provides that "[e]ach allegation must be simple, concise, and direct." Taken together, Rules 8(a) and (d)(1) underscore the emphasis placed on clarity and brevity by the federal pleading rules. As a result, prolix, vague, or unintelligible pleadings violate the requirements of Rule 8. A decision to dismiss a complaint pursuant to Rule 8 is within the trial court's sound discretion. *See Windsor v. Colo. Dep't of Corr.*, 9 F. App'x 967, 969 (10th Cir. 2001).

      Here, the Complaint is extremely lengthy (over 300 pages) and covers events that date back to 2010, with most sections overloaded with narrative detail, expansive rhetoric, and repetitious assertions rather than concise statements of material facts supporting Plaintiff's specific claims. For example, the pleading repeatedly contains references to "slavery," "Palermo Protocols," "Federal and Interstate Sabotage," "sham proceedings," alleged global criminal conspiracies, conspiracies against the "Canadian Crown," "a legal cartel of billionaires," and purported national and international injustices. Moreover, multiple sections (such as preliminary statements, statements, legal theory, summaries, and statement of facts) use broad discursive explanations and extraneous information, far exceeding what is necessary to set forth the claims. In addition, Plaintiff inserts legal terms, doctrines, and arguments as well as criminal law accusations and conclusions, without sufficient supporting facts. For example, she "invokes her full constitutional, statutory, and international rights as a human being, as a survivor of global trafficking, and as a litigant entitled to access courts without retaliation or obstruction" and explains that this case is a "cry for judicial integrity, a

constitutional invocation, and a reckoning long overdue." These sweeping conclusions are asserted throughout the second Amended Complaint, often without succinctly stating the underlying factual details or separating facts from argument. Similarly, the second Amended Complaint pleads legal conclusions and doctrines (e.g., "RICO FRAUD, OBSTRUCTION, CONSPIRACY") without connecting those to concrete, concise factual allegations attributable to each defendant. Finally, Plaintiff includes 180 pages of exhibits, letters, and documents from prior lawsuits.

The general rule that *pro se* pleadings must be construed liberally has limits, and "the court cannot take on the responsibility of serving as the litigant's attorney in constructing arguments and searching the record." *Garrett v. Selby Connor Maddux & Janer*, 425 F.3d 836, 840 (10th Cir. 2005); *see also United States v. Dunkel*, 927 F.2d 955, 956 (7th Cir. 1991) ("Judges are not like pigs, hunting for truffles buried in briefs."); *Ketchum v. Cruz*, 775 F. Supp. 1399, 1403 (D. Colo. 1991) (vague and conclusory allegations that his rights have been violated do not entitle a *pro se* pleader to a day in court regardless of how liberally the pleadings are construed), *aff'd*, 961 F.2d 916 (10th Cir. 1992). "[I]n analyzing the sufficiency of the plaintiff's complaint, the court need accept as true only the plaintiff's well-pleaded factual contentions, not his conclusory allegations." *Hall*, 935 F.2d at 1110. Without a clear statement of each claim, Defendants are unable to adequately respond. And, critically, the Court is unable to evaluate whether it has subject matter jurisdiction over these claims as detailed in the Court's prior order directing Plaintiff to file a second Amended Complaint. (*See* ECF No.

23).

As the Tenth Circuit explained,

> [i]t is not the sheer length of [Plaintiffs'] filing, the number of paragraphs, or the number of claims, that triggers the Rule 8 violation. Rather, the culprit is [Plaintiffs'] failure to connect [their thirteen] separate claims to the Complaint's hundreds of factual allegations. Moreover, [Plaintiffs'] multiple collective allegations against the defendants and [their] corresponding failure to identify each individual defendant's culpable actions only exacerbated this significant deficiency.

*Hart v. Salois*, 605 F. App'x 694, 701 (10th Cir. 2015); *see also Windsor*, 9 F. App'x at 969 ("The sheer volume of the complaint and its attachments fail to give the Defendants fair notice of the basis of the claims against them so they may respond, or allow this court to conclude the allegations, if proven, show Appellants in this case are entitled to relief.").

Because Plaintiff fails to provide a short and plain statement of her claims showing she is entitled to relief, the action is subject to dismissal for failure to comply with the pleading requirements of Rule 8.

## II. ORDER AND RECOMMENDATION

For the reasons set forth herein, it is respectfully

RECOMMENDED that the second Amended Complaint (ECF No. 25) and this action be dismissed without prejudice pursuant to Rule 41(b) of the Federal Rules of Civil Procedure for failure to comply with the pleading requirements of Rule 8.[1]

---

[1] Be advised that all parties shall have fourteen (14) days after service hereof to serve and file any written objections in order to obtain reconsideration by the District Judge to whom this case is assigned. Fed. R. Civ. P. 72(b). The party filing objections must specifically identify those findings or recommendations to which the objections are being made. The District Court need not consider frivolous, conclusive or

DATED March 2, 2026

BY THE COURT:

*Richard T. Gurley*

Richard T. Gurley
United States Magistrate Judge

---

general objections. A party's failure to file such written objections to proposed findings and recommendations contained in this report may bar the party from a de novo determination by the District Judge of the proposed findings and recommendations. *United States v. Raddatz*, 447 U.S. 667, 676-83 (1980); 28 U.S.C. § 636(b)(1). Additionally, the failure to file written objections to the proposed findings and recommendations within fourteen (14) days after being served with a copy may bar the aggrieved party from appealing the factual findings and legal conclusions of the Magistrate Judge that are accepted or adopted by the District Court. *Thomas v. Arn*, 474 U.S. 140, 155 (1985); *Moore v. United States*, 950 F.2d 656, 659 (10th Cir. 1991).