IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 25-cv-02922-JLK-RTG

AMBER DOE,

    Plaintiff,

v.

SEQUOIA CAPITAL OPERATIONS LLC, *et al.*,

    Defendants.

---

ORDER DENYING MOTIONS FOR RECUSAL

---

This matter is before the Court on three motions to recuse filed *pro se* by Plaintiff on March 2, 2026 and March 3, 2026. (ECF Nos. 35, 37, 38). The Court must construe the motions liberally because Plaintiff is not represented by an attorney. *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). However, the Court should not be an advocate for a *pro se* litigant. *See Hall*, 935 F.2d at 1110. For the reasons discussed below, the motions will be denied.

Title 28 U.S.C. § 144 provides a procedure whereby a party to a proceeding may request the judge before whom the matter is pending to recuse himself or herself based upon personal bias or prejudice either against the moving party or in favor of any adverse party. Section 144 requires the moving party to submit a timely and sufficient affidavit of personal bias and prejudice. *See Green v. Branson*, 108 F.3d 1296, 1305 (10th Cir. 1997). "The affidavit must state with required particularity the identifying facts of time, place, persons, occasion, and circumstances." *Hinman v. Rogers*, 831 F.2d

1

937, 939 (10th Cir. 1987). Although the Court must accept the facts alleged in the supporting affidavit under § 144 as true, the affidavit is construed strictly against the moving party. *See Glass v. Pfeffer*, 849 F.2d 1261, 1267 (10th Cir. 1988). The moving party has a substantial burden "to demonstrate that the judge is not impartial." *United States v. Burger*, 964 F.2d 1065, 1070 (10th Cir. 1992).

Here, Plaintiff has provided declarations stating in part that "[d]uring the pendency of this federal action," a California state court issued an "arrest order" on October 7, 2025, and "Plaintiff believes that reassignment to a different judicial officer would preserve confidence that her emergency federal claims will be evaluated with complete neutrality and without any appearance of predisposition." (ECF No. 35 at 4). Plaintiff also alleges that she has "complied" with Court orders and "filed amended pleadings," however, this "case has since undergone multiple judicial reassignments and recusals." (ECF No. 38). Plaintiff further states that

> 16. The case was reassigned to Senior District Judge John L. Kane and subsequently referred back to Magistrate Judge Gurley.
>
> 17. On March 1, 2026 plaintiff filed motion for recusal of Judge Gurley. It conveniently was not docketed and Judge Gurley swiftly moved to dismiss plaintiff's case on March 2, 2026.
>
> 18. Any judge who does not possess the mental acuity to discern the seriousness of the absolute erasure of the rule of law at every level of government in this country must recuse themselves from the instant case.

(*Id.* at 4). Plaintiff contends she filed a motion for recusal on March 1, 2026 that was "purposefully not docketed prior to the Court's swift action seeking to improperly avoid extending plaintiff her constitutional right[s.]" (*Id.*).

2

The facts alleged in the motions do not establish bias or prejudice against Plaintiff. Plaintiff further fails to make any reasoned argument that would demonstrate an appearance of partiality or bias. When a *pro se* complaint is under initial review pursuant to D.C.COLO.LCivR 8.1, it is common to issue orders to cure filing deficiencies and order a plaintiff to amend a pleading if the original pleading is deficient. This procedure does not show bias against Plaintiff. Additionally, Plaintiff's argument that her initial motion to recuse was "purposefully not docketed" is unsubstantiated and not reasoned. As noted by Plaintiff, her initial motion to recuse was received by the Court on March 2, 2026 and entered on the docket on March 3, 2026. (*See* ECF No. 35). The Court entered the Recommendation of United States Magistrate Judge on March 2, 2026. (*See* ECF No. 34). The Court did not review the initial motion to recuse until after the Recommendation was entered. However, even if the Court had received the initial motion to recuse prior to the issuance of the Recommendation, the result would have been the same. The motion to recuse would have been denied and the Recommendation would have then been entered. This timeline of events in no way demonstrates bias.

Title 28 U.S.C. § 455(a) provides that a judge "shall disqualify himself in any proceeding in which his impartiality might reasonably be questioned." The goal of this provision is to avoid even the appearance of partiality. *See Liljeberg v. Health Servs. Acquisition Corp.*, 486 U.S. 847, 860 (1988). Pursuant to § 455, the Court is not required to accept all factual allegations as true "and the test is whether a reasonable person, knowing all the relevant facts, would harbor doubts about the judge's

3

impartiality." *Glass*, 849 F.2d at 1268 (internal quotation marks omitted). The standard is completely objective, and the inquiry is limited to outward manifestations and reasonable inferences drawn therefrom. *See United States v. Cooley*, 1 F.3d 985, 993 (10th Cir. 1993).

I harbor no bias or prejudice against Plaintiff. Further, a reasonable person would harbor no doubts about my impartiality based on the relevant facts. Therefore, my recusal from this case is not warranted, and Plaintiff's motions to recuse will be denied.

Accordingly, it is

ORDERED that the Plaintiff's motions to recuse (ECF No. 35, 37, 38) are DENIED.

DATED March 5, 2026.

BY THE COURT:

*Richard T. Gurley* (signature)

Richard T. Gurley
United States Magistrate Judge