IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 25-cv-02922-JLK-RTG

AMBER DOE,

     Plaintiff,

v.

SEQUOIA CAPITAL OPERATIONS LLC ,
MICHAEL LEWIS GOGUEN,
WILSON SONSINI GOODRICH & ROSATI, PROFESSIONAL CORPORATION,
QUINN, EMANUEL, URQUHART AND SULLIVAN LLP,
GLASER WEIL FINK HOWARD JORDAN & SHAPIRO LLP,
SEQUOIA CAPITAL FUND, L.P.,
SEQUOIA CAPITAL FUND FEEDER, L.P.,
SEQUOIA CAPITAL US/E SEED V PRINCIPALS FUND (Q), L.P.,
SEQUOIA CAPITAL US/E SEED V PRINCIPALS FUND, L.P.,
SEQUOIA CAPITAL US/E VENTURE XVIII PRINCIPALS FUND, L.P.,
SEQUOIA CAPITAL US/E VENTURE XVIII PRINCIPALS FUND (Q), L.P.,
SEQUOIA CAPITAL US/E GROWTH X PRINCIPALS FUND, L.P.,
SEQUOIA CAPITAL US/E EXPANSION I PRINCIPALS FUND, L.P.,
SEQUOIA CAPITAL US/E VENTURE PARTNERS FUND XVIII, L.P.,
SEQUOIA CAPITAL US/E GROWTH PARTNERS FUND X, L.P.,
SEQUOIA CAPITAL CHINA EXPANSION I PRINCIPALS FUND, L.P.,
SEQUOIA CAPITAL US/E SEED PARTNERS FUND IV, L.P.,
SEQUOIA CAPITAL U.S. VENTURE PARTNERS FUND XVII, L.P.,
SEQUOIA CAPITAL GLOBAL GROWTH FUND III - ENDURANCE PARTNERS
PRINCIPALS FUND, L.P.,
SEQUOIA CAPITAL US/E SEED IV PRINCIPALS FUND, L.P.,
SEQUOIA CAPITAL U.S. VENTURE XVII PRINCIPALS FUND, L.P.,
SEQUOIA CAPITAL U.S. GROWTH IX PRINCIPALS FUND, L.P.,
SEQUOIA CAPITAL GLOBAL GROWTH FUND III - U.S. INDIA ANNEX PRINCIPALS
FUND, L.P.,
SEQUOIA CAPITAL GLOBAL GROWTH FUND III - U.S. INDIA ANNEX FUND, L.P.,
SEQUOIA CAPITAL GLOBAL GROWTH FUND III - ENDURANCE PARTNERS, L.P.,
SEQUOIA CAPITAL U.S. VENTURE FUND XVII, L.P.,
SEQUOIA CAPITAL U.S. GROWTH FUND IX, L.P.,
SEQUOIA CAPITAL US/E SEED FUND IV, L.P.,
SEQUOIA CAPITAL U.S. GROWTH PARTNERS FUND IX, L.P.,
SEQUOIA CAPITAL U.S. GROWTH VIII PRINCIPALS FUND, L.P..
SEQUOIA CAPITAL U.S. GROWTH PARTNERS FUND VIII, L.P.,
SEQUOIA CAPITAL U.S. SCOUT SEED PRINCIPALS FUND III, L.P.,
SEQUOIA CAPITAL U.S. GROWTH FUND VIII, L.P.,
SEQUOIA CAPITAL U.S. VENTURE FUND XIV, L.P.,

SEQUOIA CAPITAL U.S. GROWTH FUND VII, L.P.,
SEQUOIA CAPITAL U.S. GROWTH FUND VI, L.P.,
SEQUOIA CAPITAL GLOBAL GROWTH FUND, L.P.,
SEQUOIA CAPITAL U.S. GROWTH FUND V, L.P.,
SEQUOIA CAPITAL U.S. VENTURE 2010 FUND, L.P.,
SEQUOIA CAPITAL FRANCHISE PARTNERS, L.P.,
SEQUOIA CAPITAL IX, L.P.,
SEQUOIA ENTREPRENEURS ANNEX FUND, L.P.,
SEQUOIA CAPITAL GROWTH III PRINCIPALS FUND, LLC,
SEQUOIA CAPITAL FRANCHISE FUND, L.P.,
SEQUOIA CAPITAL GROWTH PARTNERS III, L.P.,
SEQUOIA CAPITAL GROWTH FUND III, L.P.,
TWO BEAR CAPITAL,
TWO BEAR SECURITY,
TWO BEAR RANCH,
QUINN EMANUEL LLP,
NEW YORK POST,
NEW YORK MAGAZINE,
ROSEWOOD SAND HILL HOTELS,
GLASER WEIL FINK HOWARD AVCHEN & SHAPIRO LLP,
PAOLI AND PURDY PC,
BISNAR CHASE PERSONAL INJURY ATTORNEYS, LLP,
BROWN & CHARBONNEAU, LLP,
VOX MEDIA, INC.,
VOX MEDIA LLC,
VOXMEDIA, INC., D/B/A SBNATION,
BRIAN NASH,
NYP HOLDINGS, INC,
FOX CORPORATION,
FOX NEWS NETWORK LLC,
BLOOMBERG L.P.,
BLOOMBERG FINANCE, L.P.,
SHERMAN LAW GROUP, A PROFESSIONAL LAW CORPORATION,
THE NEW YORK POST,
NEW YORK MAGAZINE,
RUPERT MURDOCH,
ESTATE OF DAVID FECHEIMER,
DR. INA PARK,
DR. TARA COLLINS,
JAMIE STEPHENSON,
SITRICK AND COMPANY LLC,
MICHAEL SITRICK,
WHITEFISH FRONTIERS, L.L.C.,
PROOF RESEARCH, INC.,
TWO BEAR SECURITY, LLC,
MSNBC CABLE L.L.C., C/O ENTERPRISE CORPORATE SERVICES LLC (REGISTERED
AGENT),

NBCUNIVERSAL, LLC,
ROSEWOOD HOTELS AND RESORTS, L.L.C.,
MARRIOTT INTERNATIONAL, INC.,
MARRIOTT INTERNATIONAL, INCORPORATED,
MARRIOTT INTERNATIONAL, INC., A DELAWARE CORPORATION,
MARRIOTT HOTEL SERVICES INC.,
THE LAW OFFICES OF RIVERS J. MORRELL III,
GLASER WEIL FINK HOWARD JORDAN & SHAPIRO LLP,
ATTORNEYS WHO CAUSED HARM:
DIANE MOIRA DOOLITTLE,
BRUCE ERIC VAN DALSEM,
ALEX SPIRO,
ANTHONY MCCUSKER,
PATRICIA GLASER,
JILL BASINGER,
WILLIAM DELLI PAOLI,
RYAN BAKER,
CHRISTOPHER REYNOLDS,
MICHAEL FEENBERG,
MICHAEL MCCARTHY,
MARK SCHAEFFER,
SARA POLLACK,
JOHN B QUINN,
MICHAEL F. GRADY,
KATHLEEN SULLIVAN,
CHRISTOPHER TAYBACK,
WILLIAM C. PRICE,
MARK HOLSHER,
SUONG NGUYEN,
PATRICK DOOLITTLE,
MARGARET CARUSO,
MICHAEL LIFRAK,
MEGAN M. KERR,
RIVERS J. MORRELL III,
FRANK W. NEMECEK,
JONATHAN B. COLE,
MARSHALL R. COLE,
MICHAEL W. FEENBERG,
MICHAEL MCCARTHY,
JOSEPH W. SCOTT,
ALEX GERBI,
TED GREENO,
AIDAN O'ROURKE,
GREGORY PANTLIN,
BRIAN CHASE,
SCOTT RITSIMA,
KEITH EGGLETON,

3

RICHARD LOYDD SHERMAN,
GREGORY GARTH BROWN,
KEVIN BROGAN,
JOSEPH SARLES,
HARRY OLIVAR,
MONIQUE JILESEN,
SAHAR TAEBI,
MICHAEL LIFRAK,
DAVID KLEIN,
MARSHALL COLE,
JON COLE,
CLAUDIA STONE,
MARTA ALCUMBRAC,
FRANK NEMECEK,
ALAN BROWN,
ELLEN DEW,
NICOLE CHESSARI,
KATRINA STEINER,
JASON CAMPBELL,
KYLE KENNETH BATTER,
HERB FOX,
SYMON ZUKER,
NANCY TOURGIS,
GREGORY EMDEE,
LAUREN GARVIE,
JUDICIAL AND PUBLIC OFFICE DEFENDANTS (TRO & PRELIMINARY INJUNCTION
ONLY):
JUDGE MAAME FRIMPONG,
JUDGE LAURA TAYLOR SWAINE,
JUDGE PATRICIA GUERRERO,
JUDGE STEVE KIM,
NINA SHAPIRSHTEYN,
JUDGES DANNY CHOU,
JUDGE RICHARD DUBOIS,
JUDGE SUSAN GREENBERG,
JUDGE RAYMOND SWOPE,
JUDGE LELAND DAVIS III,
JUDGE GERALD BUCHWALD,
JUDGE STEVEN DYLINA,
JUDGE ROBERT FOILES,
JUDGE MARIE WEINER,
JUDGE LISA NOVAK,
JUDGE NANCY FINEMAN,
JUDGE ELIZABETH LEE,
JUDGE JOHN GRANDSAERT,
JUDGE JOHATHAN KARESH,
JUDGE READ AMBLER,

JUDGE JOHNATHAN CANNON,
JUDGE DIANE WAYNE,
APPELLATE JUDGE MAURICE SANCHEZ,
JUDGE JOANNE MOTOIKE,
JUDGE THOMAS A. DELANEY,
JUDGE STEPHANIE GEORGE,
JUDGE NICO DOURBETAS,
"HUMANITARIAN" JUDGE DAVID O. CARTER,
JUDGE DONALD MALLOY,
JUDGE BARBARA CONWAY,
JUDGE CORY GILMORE,
JUDGE PETER OSBORN,
JUDGE PATRICIA GLASER,
JUDGE WILLIAM DELLI PAOLI,
JUDGE ERIC D. MILLER,
SENIOR 9TH CIRCUIT JUDGE RICHARD A. PAEZ,
SENIOR 9TH CIRCUIT JUDGE JAY S. BYBEE,
JUDGE STEPHANIE BOWICK,
JUDGE FERNANDO L. AENLLE-ROCHA,
JUDGE PAUL S DIAMOND,
JUDGE ROBERT GARY KLAUSNER,
JUDGE SHARON JOHNSON COLEMAN,
JUDGE EDWARD S. KIEL,
JUDGE JANE TRICHE MILAZZO,
JUDGE KAREN WELLS ROBY,
JUDGE FERNANDO M OLGUIN,
JUDGE MICHAEL B KAUFMAN,
JUDGE MATTHEW J SKAHILL,
JUDGE CARL J. NICHOLS,
CALIFORNIA GOVERNOR GAVIN NEWSOM, and
CALIFORNIA ATTORNEY GENERAL ROB BONTA,

    Defendants.

---

# ORDER

---

This matter is before the Court on the Recommendation of United States

Magistrate Judge filed March 2, 2026 (ECF No. 34). Magistrate Judge Richard T. Gurley

recommends that Plaintiff's second Amended Complaint (ECF No. 25) and the action be

dismissed for failure to comply with the pleading requirements of Rule 8 of the Federal

Rules of Civil Procedure. The Recommendation states that any objection must be filed

within fourteen days after its service. *See* 28 U.S.C. § 636(b)(1)(C). The Recommendation was served on March 2, 2026. Plaintiff filed timely written objections to the Recommendation. (ECF No. 46). She has also filed a proposed third amended complaint (ECF No. 45) that seeks to cure the deficiencies with the second Amended Complaint that are identified in the Recommendation. Plaintiff also has submitted an "Emergency Motion for Temporary Restraining Order and Preliminary Injunction." (ECF No. 47). For the reasons discussed below, the objections are overruled, and the Recommendation is accepted and adopted. Accordingly, the emergency motion for injunctive relief is denied.

## I.     BACKGROUND

Plaintiff resides in Los Angeles, California. Plaintiff asserts 60 claims in the second Amended Complaint (ECF No. 25) that stem from events beginning in 2010 that involve allegations of "transnational human trafficking, systemic sexual exploitation, torture, forced labor, and severe violations of [Plaintiff's] civil, constitutional, and internationally recognized human rights." (*Id.* at 51). Plaintiff alleges she has been involved in multiple lawsuits regarding the allegations of sex trafficking and was "coerced into signing a $40 million settlement agreement" in 2014 but was only paid $10 million. (*Id.* at 53). From 2016-2025, Plaintiff states she has initiated "multiple federal civil rights and trafficking lawsuits in California, New York, D.C., and Montana," but all cases have been "wrongfully dismissed by biased or conflicted judges." (*Id.* at 54). Plaintiff has also filed lawsuits in the California state courts where she states she has been "improperly declared . . . a vexatious litigant[.]" (*Id.* 54-60).

As noted above, Magistrate Judge Richard T. Gurley recommends that the second Amended Complaint be dismissed without prejudice for failure to comply with the pleading requirements of Rule 8.

## II.    LEGAL STANDARD

I must "determine de novo any part of the magistrate judge's disposition that has been properly objected to." Fed. R. Civ. P. 72(b)(3). An objection is "proper" if it is both timely and specific. *United States v. One Parcel of Real Prop. Known as 2121 E. 30th St.*, 73 F.3d 1057, 1059 (10th Cir. 1996) ("One Parcel"). A specific objection "enables the district judge to focus attention on those issues – factual and legal – that are at the heart of the parties' dispute." *Id*.

In the absence of an objection, a district court may review a magistrate judge's recommendation under any standard it deems appropriate. *See Summers v. Utah*, 927 F.2d 1165, 1167 (10th Cir. 1991); *see also Thomas v. Arn*, 474 U.S. 140, 150 (1985) ("It does not appear that Congress intended to require district court review of a magistrate's factual or legal conclusions, under a *de novo* or any other standard, when neither party objects to those findings."). The Court therefore reviews the non-objected to portions of a recommendation to confirm there is "no clear error on the face of the record." Fed. R. Civ. P. 72(b), Advisory Committee Notes. This standard of review is something less than a "clearly erroneous" or "contrary to law" standard of review, Fed. R. Civ. P. 72(a), which in turn is less than a de novo review. Fed. R. Civ. P. 72(b). Because plaintiff proceeds *pro se*, I will construe the objections and pleadings liberally without serving as an advocate. *See Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991).

### III.    ANALYSIS

Plaintiff raises six objections to the magistrate judge's recommendation.

**A. Plaintiff's First, Second, Fifth, and Sixth Objections**

Plaintiff raises the following four general objections to the magistrate judge's recommendation that her second Amended Complaint be dismissed for failure to comply with Rule 8: (1) the Court "misapplies Rule 8" based on "length, narrative detail, and breadth;" (2) the "Complaint identifies conduct, actors, and harm;" (3) the Complaint "clearly alleged" subject matter jurisdiction; and (4) the Complaint's factual allegations were "improperly discount[ed]." (ECF No. 46 at 2-7). Thus, I will collectively address these general objections regarding the failure to comply with Rule 8.

In the Recommendation, the magistrate judge determined that Plaintiff failed to clear the relatively low bar established by *Nasious v. Two Unknown B.I.C.E. Agents, at Arapahoe Cnty. Just. Ctr.*, 492 F.3d 1158, 1163 (10th Cir. 2007). (ECF No. 34 at 8-11). He explains that the "Complaint is extremely lengthy (over 300 pages) and covers events that date back to 2010, with most sections overloaded with narrative detail, expansive rhetoric, and repetitious assertions rather than concise statements of material facts supporting Plaintiff's specific claims." (*Id.* at 34). Rule 8(a)(2) requires that a "pleading that states a claim for relief must contain: . . . a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). Rather than explaining how her allegations comply with Rule 8(a)(2), in her objection, Plaintiff broadly states, without further discussion, that her complaint sets forth "detailed factual assertions" and "not vague or conclusory allegations," "connect[s] facts to defendants," and clearly alleges subject matter jurisdiction. (ECF No. 46 at 2-7).

I find no basis to support these contentions. For instance, as the magistrate judge notes, Plaintiff sues 200 defendants including "[b]illionaire traffickers and financiers", "[g]lobal white-collar firms", "[a]t least 118 attorneys", federal and state judges, and "[t]ransnational organized crime syndicates" and alleges that they collectively engaged in a conspiracy to significantly infringe upon Plaintiff's constitutional rights. (ECF No. 34 at 10). These sweeping allegations plead "legal conclusions and doctrines (e.g., "RICO FRAUD, OBSTRUCTION, CONSPIRACY")" without any connections to concrete, concise factual allegations attributable to each defendant. (*Id.*). Additionally, as the Recommendation provides, "[w]ithout a clear statement of each claim, Defendants are unable to adequately respond. And, critically, the Court is unable to evaluate whether it has subject matter jurisdiction over these claims as detailed in the Court's prior order directing Plaintiff to file a second Amended Complaint." (*Id.* at 10).

The bulk of Plaintiff's allegations are similarly "vague" and "conclusory" and "fail[] to set out a short and plain statement of the claims." *Gottorff v. Michelich*, 2025 WL 1482719, at *2 (10th Cir. May 23, 2025); *see also Hall*, 935 F.2d at 1110 ("conclusory allegations without supporting factual averments are insufficient to state a claim on which relief can be based"); *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) ("the pleading standard Rule 8 announces does not require 'detailed factual allegations,' but it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation") (citation omitted).

Further, even if Plaintiff did allege the existence of a concrete action, her allegations refer generally to a collection of defendants without specifying what act is attributable to which defendant. *See Carrado v. Daimler AG*, No. 17-cv-3080-WJM-

SKC, 2018 WL 4565562, at *3 (D. Colo. Sept. 24, 2018) ("when a plaintiff fails to distinguish among multiple defendants, including on claims that could not apply to certain defendants," a pleading does not comply with Rule 8). A court may (and should) dismiss a complaint under Rule 8 when it "is impossible to tell from the face of the complaint which defendants were accused of which violations, what specific acts constituted violations, or when alleged violations occurred." *Monroe v. Owens*, 38 F. App'x 510, 515 (10th Cir. 2002) (unpublished) (emphasis added).

Moreover, it is proper for a court to dismiss a complaint when it cannot determine, due to the complaint's failure to comply with Rule 8, whether the court has subject matter jurisdiction. *See Sun Valley Assisted Living LLC v. Satria*, No. 23-cv-01498-DDD-STV, 2023 WL 8651482, at *1 (D. Colo. Nov. 2, 2023) (accepting the magistrate judge's recommendation that the complaint be dismissed pursuant to Rule 8 where the magistrate judge found that "the complaint failed to allege facts sufficient for the Court to determine whether it has subject matter jurisdiction over the case"); *Itiowe v. United States Gov't,* 2015 WL 12911733, at *2 (D.N.J. Sept. 14, 2015) ("based on the information in Plaintiff's Complaint, the Court cannot determine if proper subject matter jurisdiction exists over this action" and dismissing the complaint without prejudice for failure to comply with Rule 8(a)).

Accordingly, I overrule Plaintiff's first, second, fifth, and sixth objections.

**B. Plaintiff's Third Objection**

Plaintiff argues that "pro se pleadings require flexibility in complex cases" and dismissing such a complex case for "too much detail contradicts the purpose of Rule 8." (ECF No. 46 at 3-4) (internal quotations marks omitted). For the reasons discussed

previously, I find that the second Amended Complaint fails to comply with Rule 8.

Furthermore, the magistrate judge applied the appropriate legal standard and

considered Plaintiff's *pro se* status. (ECF No. 34 at 6).

Accordingly, I overrule Plaintiff's third objection.

### C. Plaintiff's Fourth Objection

In this objection, Plaintiff appears to argue that the Court should allow her

another opportunity to amend her complaint rather than dismiss this action. (ECF No. 46

at 4). Plaintiff has also submitted what appears to be a proposed third amended

complaint. (ECF No. 45). However, leave to amend may be denied where amendment

of the pleading would be futile. *Foman v. Davis*, 371 U.S. 178, 182 (1962). "A court

properly may deny a motion for leave to amend as futile when the proposed amended

complaint would be subject to dismissal for any reason[.]" *E.SPIRE Commc'ns, Inc. v.*

*New Mexico Pub. Regul. Comm'n*, 392 F.3d 1204, 1211 (10th Cir. 2004).

Here, the proposed third amended complaint (ECF No. 45) names many of the

same defendants (in addition to 100 unnamed Doe defendants), asserts the same basis

for jurisdiction, and appears to assert many of the same RICO claims and state law

claims as the operative second Amended Complaint. (ECF No. 25). Further, the

sweeping, conclusory, and vague allegations in the proposed third amended complaint,

like those in the operative second Amended Complaint, fail to comply with Rule 8 for the

same reasons set forth in the Recommendation of United States Magistrate Judge. As

such, I find that the proposed amendments in the proffered pleading are futile. *See*

*Foman v. Davis,* 371 U.S. 178, 182 (1962).

Accordingly, I overrule Plaintiff's fourth objection.

11

**D. Non-Objected to Portions of the Recommendation**

I have reviewed the rest of the recommendation to satisfy myself that there are "no clear error[s] on the face of the record." See Fed. R. Civ. P. 72(b), Advisory Committee Notes. Based on this review, I conclude that the recommendation is a correct application of the facts and the law.

## IV.    CONCLUSION

Therefore, it is

ORDERED that Plaintiff's Objections to Report and Recommendation of Magistrate Richard T. Gurley (ECF No. 46) are OVERRULED. It is

FURTHER ORDERED that the Recommendation of United States Magistrate Judge (ECF No. 34) is ACCEPTED and ADOPTED. It is

FURTHER ORDERED that the second Amended Complaint (ECF No. 25) and the action are dismissed without prejudice for failure to comply with the pleading requirements of Rule 8. It is

FURTHER ORDERED that leave to proceed *in forma pauperis* on appeal is denied without prejudice to the filing of a motion seeking leave to proceed *in forma pauperis* on appeal in the United States Court of Appeals for the Tenth Circuit. I certify pursuant to 28 U.S.C. § 1915(a)(3) that any appeal from this dismissal would not be taken in good faith. It is

FURTHER ORDERED that Plaintiff's "Emergency Motion for Temporary Restraining Order and Preliminary Injunction" (ECF No. 47) filed March 18, 2026, is DENIED AS MOOT.

DATED: March 31, 2026.

BY THE COURT:

_____
JOHN L. KANE, Senior Judge
United States District Court