IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 25-cv-02922-JLK-RTG

AMBER DOE,

Plaintiff,

v.

SEQUOIA CAPITAL OPERATIONS LLC, *et al.*,

Defendants.

---

ORDER

---

This matter is before the Court on "Plaintiff's Motion to Vacate Clerk's Entry of Default & Any Default Judgment" (ECF No. 50) filed *pro se* by Plaintiff on April 7, 2026. The Court liberally construes this a motion for reconsideration. This action was dismissed without prejudice on March 31, 2026. (*See* ECF Nos. 48, 49). For the reasons discussed below, the motion will be denied.

A litigant subject to an adverse judgment, and who seeks reconsideration by the district court of that adverse judgment, may "file either a motion to alter or amend the judgment pursuant to Fed. R. Civ. P. 59(e) or a motion seeking relief from the judgment pursuant to Fed. R. Civ. P. 60(b)." *Van Skiver v. United States*, 952 F.2d 1241, 1243 (10th Cir. 1991). The Court construes the motion as being asserted pursuant to Rule 59(e) because the motion was filed within twenty-eight days after the Judgment. A Rule 59(e) motion may be granted "to correct manifest errors of law or to present newly discovered evidence." *Phelps v. Hamilton*, 122 F.3d 1309, 1324 (10th Cir. 1997)

(internal quotation marks omitted). Relief under Rule 59(e) also is appropriate when “the court has misapprehended the facts, a party’s position, or the controlling law.” *Servants of the Paraclete v. Does*, 204 F.3d 1005, 1012 (10th Cir. 2000).

On March 2, 2026, Magistrate Judge Richard T. Gurley entered a Recommendation of United States Magistrate Judge (ECF No. 34), recommending that Plaintiff’s second Amended Complaint (ECF No. 25) and the action be dismissed without prejudice pursuant to Rule 41(b) of the Federal Rules of Civil Procedure for failure to comply with the pleading requirements of Rule 8. Plaintiff was advised that any objection to the Recommendation must be filed within fourteen days. Plaintiff filed timely written objections to the Recommendation (ECF No. 46) along with a proposed third amended complaint (ECF No. 45). Plaintiff also submitted an “Emergency Motion for Temporary Restraining Order and Preliminary Injunction.” (ECF No. 47). On March 31, 2026, I accepted and adopted the Recommendation and dismissed the action without prejudice for failure to comply with the pleading requirements of Rule 8. (*See* ECF No. 48).

Upon consideration of Plaintiff’s Motion and the entire file, I find that Plaintiff fails to demonstrate any reason why the Court should reconsider and vacate the order dismissing this action. Plaintiff also does not address the Court’s determination that the second Amended Complaint does not comply with the pleading requirements of Rule 8. Further, to the extent Plaintiff objects to an “entry of default” or “default judgment,” this request is denied as meritless. No entry of default or default judgment has been issued in this case. Therefore, “Plaintiff’s Motion to Vacate Clerk’s Entry of Default & Any

Default Judgment" (ECF No. 50) will be denied. Accordingly, it is

ORDERED that "Plaintiff's Motion to Vacate Clerk's Entry of Default & Any Default Judgment" (ECF No. 50) is DENIED.

DATED at Denver, Colorado, this 10th day of September, 2026.

BY THE COURT:

John L. Kane

JOHN L. KANE, Senior Judge
United States District Court